IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2014 JUN 13 PM 4: 51
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

VALLIE CONELY,
        Plaintiff,

-vs-                                                                        Case No. A-14-CA-243-SS

GEORGETOWN INDEPENDENT SCHOOL DISTRICT,
        Defendant.

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Vallie Conely's Complaint [#3], Plaintiff Conely's Motion to Appoint Counsel [#4], and the Report and Recommendation of the United States Magistrate Judge [#5], to which Plaintiff Conely has not objected. Having reviewed the documents, the relevant law, and the file as a whole, the Court now enters the following opinion and orders.

All matters in this case were referred to United States Magistrate Judge Mark Lane for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Conely is entitled to de novo review of the portions of the Magistrate Judge's report to which she filed specific objections. 28 U.S.C. § 636(b)(1). All other review is for plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Nevertheless, this Court has reviewed the entire file de novo, and agrees with the Magistrate Judge's recommendation.

## Background

This is a pro se civil action filed by Conely. Along with her Complaint, Conely filed an application to proceed *in forma pauperis*. The Magistrate Judge granted Conely's application to proceed *in forma pauperis*. Then, under 28 U.S.C. § 1915(e)(2), the Magistrate Judge reviewed Conely's claims and recommended the claims be dismissed for a variety of reasons.

In her complaint, Conely named as the sole defendant the Georgetown Independent School District (GISD). Attached to the complaint are hundreds of pages of documentation of various types. Conely alleges she discovered in November 2010 her daughter was suffering from abuse at school. She asserts her daughter was targeted by bullies at school, and neither her daughter's teacher nor other school administrators protected her daughter. According to Conely, this pattern repeated itself at three different schools in the GISD despite Conely's efforts on behalf of her daughter. Conely requests relief pursuant to the section of the Texas Family Code requiring certain persons to report the abuse of a child. As relief, she requests an investigation into the abuse of children in GISD, that children in GISD be allowed to go to school without abuse or bullying, that all employees from whom she sought help be terminated and brought to justice, as well as damages for pain and suffering.

## Analysis

### I. Legal Standard

A district court "shall dismiss" a case brought *in forma pauperis* at any time if the court determines the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous, if it "lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327–28.

The Court must also initially examine the basis for federal subject matter jurisdiction. Unless otherwise provided by statute, federal district courts have jurisdiction over: (1) federal questions arising under the Constitution, laws, or treaties of the United States; and (2) civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states or foreign nations. 28 U.S.C. §§ 1331 & 1332. A party seeking to invoke the jurisdiction of a federal court must prove jurisdiction is proper. *Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995) (table).

## II.   Application

The Magistrate Judge lists a number of reasons why Conely's claims must be dismissed, all of which the Court finds persuasive.

### A.   Representation of Another

As an initial matter, the complaint in this case is signed only by Vallie Conely. The alleged misconduct at issue in this case, however, appears to have resulted in harm only to Conely's daughter. A person may represent herself, but the law does not allow her to act as an attorney for others, even under a power of attorney. *See* TEX. GOV'T CODE § 81.102(a) (prohibiting the practice of law in Texas unless the person is a member of the state bar); *United States v. Musgrove*, 109 F.3d 766 (5th Cir. 1997) (table) (power of attorney does not authorize a non-attorney to file legal documents on behalf of others); *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir.1978) (holding "power

of attorney" does not entitle plaintiff to engage in unauthorized practice of law on behalf of other plaintiffs by preparing legal papers, filing petitions and briefs, and generally acting as attorney in violation of state and federal provisions). Therefore, to the degree Conely is attempting to assert claims on behalf of her daughter, as a non-lawyer she cannot represent her daughter.

**B.     Standing**

As a related matter, to the degree Conely is attempting to assert claims on behalf of herself as an individual, she appears to lack standing to sue. Article III of the Constitution limits the jurisdiction of federal courts to cases and controversies. *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). "One element of the case-or-controversy requirement is that [plaintiffs], based on their complaint, must establish that they have standing to sue." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). This requirement, like other jurisdictional requirements, is not subject to waiver and demands strict compliance. *Id.* at 819; *Lewis v. Casey*, 518 U.S. 343, 349 n.1 (1996). To meet the standing requirement a plaintiff must show: (1) she has suffered an "injury in fact" that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, the injury will be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000); *Consol. Cos., Inc. v. Union Pac. R.R. Co.*, 499 F.3d 382, 385 (5th Cir. 2007).

Conely's complaint speaks only of misconduct which occurred at her daughter's school and which resulted in harm to her daughter. She has not, therefore, alleged she suffered an "injury in fact." As a result, Conely has not alleged facts which show she has standing to sue.

C.  **Causes of Action**

As noted above, the only legal basis Conely identifies for her complaint is the defendant failed to comply with the reporting requirements of the Texas Family Code. The Texas Supreme Court has suggested such a claim may be actionable as a common law negligence claim. *See Perry v. S.N.*, 973 S.W.2d 301, 309 (Tex. 1998) (rejecting standard as sufficient basis for claim of negligence per se, but not deciding whether there is common law duty to report child abuse in certain circumstances). This Court, however, would lack jurisdiction over a such a state law claim.

Federal diversity jurisdiction over state law claims requires complete diversity between all plaintiffs and all defendants. 28 U.S.C. § 1332(a). It is clear from Plaintiff's complaint she and the defendant are residents of Texas. This defeats federal diversity jurisdiction. *See Stiftung v. Plains Marketing, L.P.*, 603 F.3d 295, 297 (5th Cir. 2010) (district court has power to dismiss for lack of subject matter jurisdiction based on complaint alone); *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996) (lack of subject matter jurisdiction may be found in complaint alone).

D.  **Statute of Limitations**

Finally, Conely's allegations make clear the abuse of her daughter dates from as early as November 2010. In Texas, a two-year statute of limitations applies to negligence claims. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a) (two-year limitations period for personal injury claims); *Geraghty & Miller, Inc. v. Conoco Inc.*, 234 F.3d 917, 931 (5th Cir. 2000) (two-year limitations period for negligence claims in Texas).[1] Plaintiff filed her complaint on March 19, 2014, long after

---

[1] Should Plaintiff be attempting to assert the conduct of GISD resulted in a violation of her daughter's civil rights, such an action would properly be asserted under 42 U.S.C. § 1983. That statute has no statute of limitations period, and thus federal courts apply the state prescription statute governing the most analogous cause of action. *Braden v. Tex. A & M Univ. Sys.*, 636 F.2d 90, 92 (5th Cir. 1981). In Texas, a two-year statute of limitations applies to constitutional injury claims. *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002). Similarly, a claim arising from school bullying may be actionable under the Rehabilitation Act. *Estate of Lance v. Lewisville Indep. Sch. Dist.*, 743 F.3d 982, 996–1001 (5th Cir. 2014). Such a claim is also subject to a two-year limitations period. *Frame v. City of Arlington*, 657 F.3d 215, 238 (5th Cir. 2011).

Case 1:14-cv-00243-SS   Document 7   Filed 06/13/14   Page 6 of 7

the actions of which she complains. Any claims dating more than two years prior would be barred by the statute of limitations.

### E.   Failure to Comply with this Court's Order

In light of Conely's pro se status, the Magistrate Judge previously granted her an opportunity to amend her complaint. In an order dated March 31, 2014, the Magistrate Judge reviewed the above flaws in Plaintiff's Complaint. Plaintiff was instructed to file an amended complaint on or before April 24, 2014. Plaintiff was admonished that her failure to timely file an amended complaint would result in this Court's recommending dismissal of Plaintiff's complaint for want of prosecution. To date, however, Plaintiff has failed to respond to the Court's order.

A district court has authority to dismiss a case for want of prosecution or failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Baldwin v. Gladstone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). Such a dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 879–80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *Berry v. CINA/RSI-CINA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Plaintiff has ignored a court order requiring her to file an amended complaint. Dismissal is clearly appropriate under the circumstances. *See* FED. R. CIV. P. 41(b) (authorizing dismissal of case for failure of plaintiff to prosecute); *Dorsey v. Scott Wetzel Serv.*, 84 F.3d 170, 171 (5th Cir. 1996)

(Rule 41(b) authorizes district courts to dismiss action with prejudice for want of prosecution by plaintiff).

The Court therefore concludes this complaint should be dismissed under 28 U.S.C. § 1915(e)(2), or alternatively, for failure to comply with a court order.

## Conclusion

Based upon the foregoing, Conely's Complaint fails to allege any valid claims for relief. Accordingly, the Court dismisses this case under 28 U.S.C. § 1915(e)(2).

Accordingly,

  IT IS ORDERED that the Report and Recommendation of Magistrate Judge Mark Lane [#5] is ACCEPTED;

  IT IS FURTHER ORDERED that Plaintiff Conely's Motion to Appoint Counsel [#4] is DENIED;

  IT IS FINALLY ORDERED that Plaintiff Vallie Conely's Complaint [#3] is DISMISSED WITHOUT PREJUDICE.

SIGNED this the 13th day of June 2014.

                 /s/ Sam Sparks
                 SAM SPARKS
                 UNITED STATES DISTRICT JUDGE